UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
BERTHONY VILSAINT,
                      *Petitioner*,

        -against-

JOHN BURGE,
                      *Respondent.*
------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER

03-CV-3653 (CBA)

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y.
★ APR - 5 2007 ★
TIME P.M. _____
TIME A.M. _____

AMON, UNITED STATES DISTRICT JUDGE:

Petitioner Berthony Vilsaint filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is hereby denied.

I.    **Facts and Procedural History**

According to the evidence presented at trial, on three distinct occasions, twice in February 1997 and once in April 1997, Vilsaint forced Kalina Tate, the mother of his two year old daughter, to stay with him against her will. In February 1997, Tate voluntarily accompanied Vilsaint and their daughter to Vilsaint's home. Upon her arrival, Vilsaint put a knife to Tate's throat and accused her of seeing a former boyfriend. Tate was subsequently permitted to leave Vilsaint's house. Two days later, Vilsaint arrived at Tate's apartment with a gun, and forced her to return with him to his house where she remained for several weeks. Then, in April 1997, Vilsaint again entered Tate's apartment, this time armed with two guns. He ordered Tate to tie up her two sisters, and then took Tate and their daughter to an unknown location. Eventually, he released their daughter but continued to hold Tate until police, acting on information, entered the location on April 19, 1997. Police recovered two guns that Vilsaint had hidden in a chair.

In March 1998, Vilsaint, who was free on bail in connection with charges relating to these

1

incidents, sold two guns to an undercover officer. In April 1998, Vilsaint asked an undercover officer to deliver some "voodoo powder" to his girlfriend so that she would be unable to testify against him.[1]

Vilsaint was originally charged in three separate indictments: (1) Kings County Indictment 4556/97 charged kidnapping in the first and second degrees (two counts), endangering the welfare of a child (two counts), criminal possession of a weapon in the second (two counts) and fourth (two counts) degrees, burglary in the first degree (two counts), reckless endangerment in the first degree, assault in the second degree, rape in the first degree, menacing in the second degree (four counts), and unlawful imprisonment in the second degree (four counts); (2) Kings County Indictment 4637/98 charged criminal sale of a firearm in the third degree (two counts), criminal possession of a controlled substance in the third and fifth degrees, and possession of marijuana; and (3) Kings County Indictment 4639/98 charged criminal solicitation, attempted tampering with a witness in the first degree, and attempted interference with a witness in the first degree. In a decision and order of the trial court dated August 18, 1998, the three indictments were consolidated under Kings County Indictment 4639/98.

On January 12, 1999, Vilsaint was convicted after a jury trial of kidnapping in the first and second degrees, endangering the welfare of a child (two counts), unlawful imprisonment in the first degree, unlawful imprisonment in the second degree (three counts), burglary in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, menacing in the second degree (three counts), rape in the first degree, criminal possession

---

[1] At trial, the state presented evidence that Vilsaint stated that, after receiving voodoo powder, the person would die within twenty-four to forty-eight hours. (Tr. 729, 731-32).

2

of a weapon in the fourth degree (two counts), and criminal sale of a firearm in the third degree (two counts). Vilsaint was sentenced to a total of twenty-six years to life in prison.

Vilsaint appealed his conviction to the New York Supreme Court, Appellate Division, Second Department. Vilsaint argued on appeal that: (1) the trial court improperly refused to order a mistrial when a police officer contradicted his <u>Huntley</u> Hearing testimony; (2) the trial court improperly fashioned an alternative to closure of the courtroom during an undercover officer's testimony; (3) the trial court improperly consolidated Vilsaint's indictments under New York law; and 4) the evidence about "voodoo powder" was improperly before the jury.

On April 8, 2002, the Appellate Division affirmed Vilsaint's judgment of conviction. <u>People v. Vilsaint</u>, 741 N.Y.S.2d 429 (N.Y. App. Div. 2002). The Appellate Division found that the trial court's denial of Vilsaint's request for a mistrial was a provident exercise of its discretion and that there was no merit to Vilsaint's contention that he was denied his right to a public trial. As to Vilsaint's remaining contentions, the court found that they were unpreserved for appellate review, and in any event, without merit. Vilsaint was denied leave to appeal to the New York Court of Appeals on July 30, 2002. <u>People v. Vilsaint</u>, 98 N.Y.2d 703, 747 N.Y.S.2d 422 (2002).

On October 9, 2002, Vilsaint, proceeding *pro se*, filed a motion pursuant to New York State Criminal Procedure Law § 440.10 in which he claimed: (1) ineffective assistance of counsel in that his attorney failed to properly examine a police witness and failed to pursue various motions during trial; (2) denial of his Sixth Amendment right to a fair trial through the introduction of evidence regarding the Voodoo powder; (3) malicious prosecution by the consolidation of his indictments; and (4) improper admission of a confession. On February 18,

2003, the court denied Vilsaint's motion finding that all of his claims either were raised on appeal or should have been and so were barred by C.P.L.R § 440.10(2)(c). People v. Vilsaint, Indict. No. 4639/98, slip op. (N.Y. Sup. Ct. Feb 18, 2003). The court further noted that his right to effective assistance of counsel and to a fair trial had not been violated, nor had the consolidation of his indictments been tantamount to malicious prosecution. Vilsaint's motion for leave to appeal the denial of his C.P.L. § 440.10 to the Appellate Division was denied on November 19, 2003.

Vilsaint filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 28, 2003. Vilsaint claims that convictions entered against him in New York Supreme Court, Kings County should be vacated because: (1) the indictment charging kidnapping was "jurisdictionally defective;"[2] (2) the indictments were improperly consolidated; and (3) he was denied the effective assistance of counsel because his counsel failed to a) properly investigate the case, b) properly address contradictory testimony by a police officer, c) argue an affirmative defense to kidnapping, d) ascertain whether the judge spoke to a juror *ex parte*, and e) question the "errors regarding joinder."[3]

II. **AEDPA**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal

---

[2] The respondent assumes that Vilsaint brings an additional claim in his habeas petition: that the Grand Jury and the petit jury improperly did not receive instructions on an affirmative defense to kidnapping applicable to him. It is unclear from Vilsaint's habeas petition that this is indeed brought as a separate claim. Regardless, it is unexhausted and procedurally barred, as discussed below, as Vilsaint never brought this claim in state court.

[3] The Court assumes this is the same claim as Vilsaint's claim on direct appeal that the indictments were improperly consolidated.

court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

III.     **Exhaustion**

In order to obtain federal habeas review of a claim pursuant to 28 U.S.C. § 2254, the petitioner must have fairly presented the same claim in the state courts and have exhausted all possible state remedies. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Fama v. Comm'r of Corr. Svcs., 235 F.3d 804 (2d Cir. 2000). The exhaustion requirement requires the petitioner to have presented to the "highest state court from which a decision can be had" and to have presented "both the factual and legal premises of the claim he asserts in federal court." Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 190 n.3, 191 (2d Cir. 1982) (en banc); Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001).

Vilsaint's claim that the indictment was jurisdictionally defective is presented for the first time in this petition.[4] If a claim has not been exhausted and the petitioner no longer has a state forum in which to raise the claim, the claim should be deemed exhausted but procedurally barred from habeas review. Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994); see also Ramirez v. Attorney Gen. of the State of N.Y., 280 F.3d 87, 94 (2d Cir. 2001) (holding that federal claims which were never brought to the highest state court are exhausted but procedurally barred). Vilsaint cannot now return to state court to bring this on the record claim since he has already taken the one direct appeal to which he is entitled. Thus, this claim is deemed exhausted but procedurally barred from federal habeas review. Federal review of Vilsaint's claims would be available if he could "demonstrate cause for the [procedural] default and actual prejudice as a

---

[4] As noted above, Vilsaint's claim, to the extent that he makes it, that the Grand Jury and the petit jury improperly did not receive instructions on an affirmative defense to kidnapping was not presented in any state court proceeding. The analysis below applies with equal force to this claim.

6

result...or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Fama, 235 F.3d 804. Vilsaint provides no cause to excuse the procedural bar and thus cannot meet the cause and prejudice standard. Moreover, the Supreme Court has held that the exception for fundamental miscarriage of justice is very limited and extends to cases where the constitutional violation has "probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496; see also Dretke v. Haley, 541 U.S. 386 (2004). Vilsaint has failed to show actual innocence, and therefore cannot establish a fundamental miscarriage of justice necessary to obtain habeas review of any of his procedurally barred claims. Accordingly, the Court will not review this claim.

Vilsaint claimed in his direct appeal that his indictments were improperly consolidated, relying exclusively on New York law. (Appellant's Br. at 33-36.) By relying exclusively on New York law, Vilsaint failed to alert the state court to the federal nature of the claim. Daye v. Attorney Gen., 696 F.2d at 194; Porter v. Greiner, No. 00-CV-6047, 2005 WL 3344828, *12 (E.D.N.Y. Nov. 18, 2005). In addition, even if he had raised the federal claim, the Appellate Division held that this issue, among others, was "unpreserved for appellate review..." People v. Vilsaint, 741 N.Y.S.2d at 251. Thus, under either scenario, this claim is procedurally barred. If it was raised, it is procedurally barred by an adequate and independent state ground. Glenn v. Bartlett, 98 F.3d 721, 724–25 (2d Cir. 1996). In order to obtain review by this Court, Vilsaint must establish cause and prejudice for the default or show that a fundamental miscarriage of justice will result. As above, Vilsaint has not alleged any cause to excuse this failure and thus cannot satisfy the cause and prejudice standard and has not shown that he is likely innocent, and therefore cannot show a fundamental miscarriage of justice will result if the Court does not

review his claim.

Finally, although Vilsaint raised one ground of his ineffective assistance of counsel claim in state court, Vilsaint's claims of ineffective assistance of counsel based on his counsel's failure to investigate, argue an affirmative defense to kidnapping, ascertain whether the judge spoke to a juror *ex parte*, and question the improper consolidation of the indictments have never been raised in state court and therefore are unexhausted. To the extent that the grounds for counsel's alleged deficiencies appear on the record, Vilsaint cannot now return to state court to bring these claims since he has already taken the one direct appeal to which he is entitled. Thus, these grounds are deemed exhausted but procedurally barred from federal habeas review. Federal review of Vilsaint's claims would be available if he could demonstrate cause and actual prejudice. Vilsaint provides no cause to excuse the procedural bar and thus cannot meet the cause and prejudice standard. Moreover, he has not established a fundamental miscarriage of justice necessary to obtain habeas review. Even if there was some avenue for Vilsaint to return to state court to exhaust some of these grounds, the Court has the ability to decide them and reject them on the merits. 28 U.S.C. § 2254(b)(2). For the reasons set forth below, the claim of ineffective assistance of counsel has no merit.

IV. **Procedural Bar – Adequate and Independent State Ground**

A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. When a state court says that a

claim is "not preserved for appellate review" and then rules "in any event" on the merits, such a claim is not preserved. See Glenn, 98 F.3d at 724–25. When a state court "uses language such as 'the defendant's remaining contentions are either unpreserved for appellate review or without merit,' the validity of the claim is preserved and is subject to federal review." Fama v. Comm'r of Corr. Svcs., 235 F.3d 804, 810 (2d Cir. 2000). Claims that are disposed of by the state court using this "either/or" language are entitled to AEDPA deference. Jimenez v. Walker, 458 F.3d 130, 146 (2d Cir. 2006).

Vilsaint's ineffective assistance of counsel claim stemming from his counsel's handling of the allegedly contradictory police testimony was raised for the first time in his § 440.10 motion. The state court dismissed this claim as procedurally barred since this was an on the record claim that was not raised on direct appeal. People v. Vilsaint, Indict. No. 4639/98, slip op. at 4 (N.Y. Sup. Ct. Feb 18, 2003). The state court's denial of this claim as procedurally defaulted constitutes an independent and adequate state procedural ground and so federal habeas review of it is barred. See Gray v. Netherland, 518 U.S. 152, 162 (1996). Vilsaint provides no cause to excuse the procedural bar and thus cannot meet the cause and prejudice standard. Vilsaint cannot show actual innocence, and therefore cannot establish a fundamental miscarriage of justice necessary to obtain habeas review of this claim.

V. **Analysis of Claims**

As discussed above, all of Vilsaint's claims are procedurally barred. Even if they were not, they are all meritless.

A. Jurisdictional Defect of Indictment

The nature of Vilsaint's first claim on habeas is muddled, to say the least. The gravamen

of his claim as articulated appears to be that the evidence was insufficient to support his conviction for kidnapping. However, Vilsaint does not set out specifically how the evidence did not satisfy the elements of this crime. To the extent he challenges the sufficiency of the evidence supporting the element of restraint in the kidnapping charge, the evidence adduced at trial demonstrated that Vilsaint first held the complainant with a knife against her neck for five hours, then brought her to his home at gunpoint and held her there almost continuously for several weeks, and finally entered her home with two guns, fired at her, hitting her in the foot, forced her to tie up her sisters, and forced her and their child to another location. This evidence clearly supports the restraint element of kidnapping.

Vilsaint also argues that he was entitled to the affirmative defense in N. Y. Penal Law § 135.30, which provides that "in any prosecution for kidnapping, it is an affirmative defense that (a) the defendant was a relative of the person abducted, and (b) his sole purpose was to assume control of such person." Vilsaint is not entitled to this defense. Tate was not his relative within the meaning set out in N.Y. Penal Law § 135.00(3). Accordingly, this claim is without merit.

B.   Consolidation

Vilsaint complains that consolidation of the indictments pending against him was improper, relying on New York law but concluding that he was deprived of his right to "due process." Vilsaint's citations to New York law are unavailing. A petition for a writ of habeas corpus may only be issued to a state prisoner upon the ground that the prisoner is in custody "in violation of the Constitution or laws or treaties of the United States..." 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not

the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998).

To the extent that he brings this as a federal claim, he has not shown a constitutional violation. Under Herring v. Meachum, 11 F.3d 374, 377 (2d Cir. 1993) (quotations omitted), joinder of offenses "rises to the level of a constitutional violation only if it actually renders petitioner's state trial fundamentally unfair and hence, violative of due process." In this case, the trial court reviewed the relevant case law and the indictments and found that "the solicitation to kill the complainant is evidence of consciousness of guilt in the kidnapping case, and the kidnapping case provides motive for the solicitation case." People v. Vilsaint, Indict. No. 4556/97, 4637/98, 4639/98, slip op. at 4 (N.Y. Sup. Ct., Aug. 18, 1998). The court further found that, "in order to explain why defendant chose the undercover officer as the person to kill the complainant, it is necessary to establish not only their generalized relationship, but the nature of the particular illegal activity involved." Id. at 5. The court also found that the sale and possession accounts involved the same type of weapon and were otherwise similar enough to permit joinder. Id. at 6. Accordingly, as New York permits joinder of different offenses if each offense is joinable with a third offense, the court correctly permitted the joinder of the indictments. N.Y. Crim. Proc. Law § 200.20(d). Vilsaint has not shown that joinder of the offenses rendered his trial actually fundamentally unfair.

C. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish that: (1) counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) that there is "reasonable

probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694. The Supreme Court has defined reasonable probability as "a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. Applying the Strickland standard, courts have required habeas petitioners to show that "counsel's performance was so deficient and counsel's error was so serious that he or she was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Cuevas v. Henderson, 801 F.2d 586, 589 (2d Cir. 1986). A petitioner must also overcome the presumption that counsel's actions were reasonably tactical and strategic. Strickland, 466 U.S. at 668.

Vilsaint's primary claim of ineffective assistance of counsel is that his counsel did not impeach Officer Falcone when he testified at trial that he had given Vilsaint Miranda warnings in advance of a statement by Vilsaint in contradiction to Falcone's testimony at the Huntley hearing in which he testified that Vilsaint had made his statement spontaneously. In response to the contradictory statement, the trial court struck Vilsaint's statement from the record. Vilsaint's counsel was not unconstitutionally ineffective for not further attempting to impeach Officer Falcone. Indeed, his counsel would have had to use the stricken testimony in any effort to impeach, thus undermining the trial court's instruction to the jury to "as far as humanly possible...strike it from your minds." (Tr. 528-29.) On direct appeal the trial court's denial of Vilsaint's motion for a mistrial was upheld on similar grounds. The Appellate Division noted that the "[trial] court had already agreed to strike the officer's testimony regarding the defendant's statement and give an immediate curative instruction. This was sufficient to protect the defendant's rights." People v. Vilsaint, 741 N.Y.S.2d at 250-51. Accordingly, this Court sees no evidence that Vilsaint was denied effective assistance of counsel on this ground.

Next, Vilsaint claims that his counsel was ineffective because he failed to properly investigate the "facts of the case." (Mem. in Supp. of Pet. at 24.) Vilsaint never brought this claim in state court. Vilsaint states without explanation that "[i]t is apparent from the record that decisive issues regarding statements made to police and hospital personnel by the alleged victim was not properly investigated or brought forward at trial." Vilsaint gives no clues to indicate what issues he is referring to. Since he has not shown here, or elsewhere, what an investigation would have revealed, there is no indication that his counsel was ineffective for not properly performing an investigation.

Since, as discussed above, there was no error in allowing the joinder of the offenses against Vilsaint and in not being afforded an affirmative defense to kidnapping, his claims that his counsel was ineffective for failing to argue for these outcomes are without merit. Finally, Vilsaint's claim that his counsel failed to ascertain whether the judge spoke to a juror *ex parte* is belied by the record. After a juror passed a note to the sergeant and asked him if he could speak to the judge, the sergeant replied that he could not. (Tr. 1157.) The judge was informed of the note, which said that the juror could not stay, and, knowing that Vilsaint had left the building, did not interact with the juror. (Id.) He explained to the attorneys that he "did not have a chance to observe him." (Tr. 1158.) Thus, each of Vilsaint's ineffective assistance of counsel claims are meritless.

VI. **Conclusion**

Every claim presented in the petition is procedurally barred and in any event, meritless. Accordingly, Vilsaint's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. A certificate of appealability will not issue, as petitioner has not made a substantial

13

showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  The Clerk of the

Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2007

s/ Carol Bagley Amon
Carol Bagley Amon
United States District Judge